UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LOPEZ, | Case No.:  26-cv-02978-JO-BJW |
| Plaintiff, | |
| v. | **MINUTE ORDER DISMISSING PLAINTIFF'S COMPLAINT [DKT. 1]** |
| UNITED STATES, | |
| Defendant. | |

Pro se Plaintiff Arthur Lopez brought suit under the Federal Tort Claims Act ("FTCA") alleging that the United States Supreme Court negligently failed to docket two petitions for writs of certiorari.  Dkt. 1.  Because the Court grants Plaintiff leave to proceed in forma pauperis, it screens his complaint pursuant to § 1915(e)(2)(B) (a court may *sua sponte* dismiss a case if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief").

Upon screening, the Court concludes that Plaintiff's claim fails because the Supreme Court's docketing practices are protected from suit.  Judges are absolutely immune from suit for judicial acts taken within the jurisdiction of their courts.  *Lund v. Cowan*, 5 F.4th

26-cv-02978-JO-BJW

964, 970 (9th Cir. 2021).  The Ninth Circuit has extended this absolute immunity to administrative acts performed by court clerks and other non-judicial officers—"acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function"—including decisions related to a court's power to control its own docket.  *In re Castillo*, 297 F.3d 940, 952 (9th Cir.2002), *as amended* (Sept. 6, 2002). The FTCA does not abrogate this judicial immunity.  *See Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986) (holding that the Clerk of the Supreme Court was entitled to absolute quasi-judicial immunity against FTCA claims).  Here, Plaintiff bases his FTCA claim on allegations that the Supreme Court negligently failed to docket two petitions for writs of certiorari, thereby costing him $483,000,000 in lost damages.  *See* Dkt. 1.  The decision of whether and how submissions are received, processed, and entered on the Court's docket is integral to the judicial function and directly implicates the Court's inherent authority to manage its cases.  Accordingly, the challenged conduct is immune from FTCA liability. *See In re Castillo*, 297 F.3d at 952.

Because amendment cannot cure the legal bar of immunity, the Court DISMISSES Plaintiff's complaint [Dkt. 1] without leave to amend.  *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).  The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED**.

Dated:  June 30, 2026

_____
Honorable Jinsook Ohta
United States District Judge

2